UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
07-2398(DSD/SRN)

HealthEast Bethesda Hospital,

        Plaintiff,

v.                                                              **ORDER**

United Commercial Travelers
of America,

        Defendant.


       This matter is before the court upon plaintiff's motion for default judgment and defendant's motion for leave to file its answer *instanter*.  Based upon the file, record and proceedings herein, and for the following reasons, the court denies plaintiff's motion and grants defendant's motion.

       On April 19, 2007, plaintiff HealthEast Bethesda Hospital ("HealthEast") filed a breach of contract action against defendant United Commercial Travelers of America ("UCT") in Ramsey County, Minnesota, District Court.  On May 21, 2007, UCT removed the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.  Under Federal Rule of Civil Procedure 81(c), UCT's answer was due five days after filing its notice of removal - on Tuesday, May 29, 2007. Counsel for UCT incorrectly calendared the deadline for filing its answer as Thursday, May 31, 2007, two days after the actual deadline.  (See Manghillis Aff. at 2.)

HealthEast applied for entry of default against UCT on May 31, 2007.  On June 1, 2007, UCT filed a motion for leave to file its answer *instanter*, arguing that the two-day delay in filing was due to excusable neglect and that the small delay did not prejudice HealthEast.  The District of Minnesota Clerk's Office entered default against UCT on June 5, 2007.  HealthEast then filed a motion for default judgment on June 12, 2007.  It argues that UCT has no meritorious defenses to the underlying claim and therefore cannot show good cause to avoid entry of default.

Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause shown."  To determine good cause, the court considers "(1) whether the conduct of the defaulting party was blameworthy or culpable, (2) whether the defaulting party has a meritorious defense, and (3) whether the other party would be prejudiced if the default were excused." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998).  Pursuant to Federal Rule of Civil Procedure 6(b), the court may extend a deadline "where the failure to act was the result of excusable neglect."  In assessing whether a party's failure to act was the result of excusable neglect, the court considers the danger of prejudice to the opposing party, the good faith of the claimant and the extent of the delay.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 n.10 (1993); Fink v. Union Cent. Life Ins. Co., 65 F.3d 722, 724 (8th Cir. 1995).

For the reasons stated at oral argument, the court finds that UCT's two-day delay was a result of excusable neglect and that UCT has shown good cause to set aside the default.  For these same reasons, the court will extend the time in which UCT has to file its answer.

Therefore, **IT IS HEREBY ORDERED** that:

1.    Defendant's motion for leave to file its answer *instanter* [Doc. No. 6] is granted.

2.    Defendant shall file its answer by Monday, August 6, 2007.

3.    Plaintiff's motion for entry of default judgment [Doc. No. 18] is denied.

4.    The entry of default by the District of Minnesota Clerk's Office on June 5, 2007, is vacated.

Dated:  July 30, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court